# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9209 | **DATE** | 3/13/2012 |
| **CASE TITLE** | CEGA, et al. vs. Johns, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's motion to vacate the order of dismissal [20] and Plaintiff's motion to recuse the undersigned [21] are denied. As noted in the Court's February 29 order [19], the dismissal is without prejudice.

■[ For further details see text below.]  Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

On December 27, 2011, Roger Shekar filed a complaint [1] in this action. Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis*, and on February 29, 2012, the Court entered an order [19] dismissing the lawsuit without prejudice for failure to pay the filing fee. Plaintiff has now filed a motion to vacate the dismissal order [20] and a motion to recuse the undersigned judge [21].

In his motion to vacate the order of dismissal, Plaintiff states that the "fee issue" raised in the Court's minute order "came as a shock to plaintiff." However, as the Court observed in its dismissal order, Plaintiff has brought numerous lawsuits filed in this Court over a period of more than a decade and plainly is (or should be) well-familiar with the rules requiring payment of the filing fee. Indeed, as the Court pointed out in its previous order, four of the six previous lawsuits Plaintiff filed prior to the Court's dismissal order were dismissed for failure to pay the filing fee. See Case Nos. 01-cv-5106; 02-cv-3588 (the Court mistakenly referred to this case as 02-cv-3599 in the Court's previous order); 02-cv-8921; 03-cv-2792. In each of those cases, the court dismissed the suit; in three of the four cases, Plaintiff then moved to vacate the dismissal order and recuse the assigned judge. (He did not move to vacate or reinstate in Case No. 03-cv-2792.) The Court also has uncovered three additional lawsuits – 05-cv-6812, 06-cv-3433, and 06-cv-6042 – filed by a plaintiff named "Garan Shekar" who listed the same address/p.o. box in Schaumburg, Illinois, as Plaintiff in this case. All of those cases were eventually dismissed for technical or procedural defects, and in two of those cases, the plaintiff had filing fee issues and was warned that failure to pay the filing fee would result in dismissal. Furthermore, on February 29, 2012, Plaintiff filed another lawsuit (Case No. 12-cv-1437), currently pending before the Judge Bucklo, in which he has not paid the filing fee to date.

Given Plaintiff's extensive prior experience litigating in federal court and the numerous court orders dismissing prior lawsuits for failure to pay the filing fee, there is no excuse for Plaintiff's failure to pay the filing fee in this (or any other) lawsuit. This is not an instance in which a novice *pro se* plaintiff attempted to proceed with a

**STATEMENT**

lawsuit ignorant of the obligation to pay a filing fee – a circumstances that would justify the entry of an order advising the plaintiff of the fee and giving a reasonable period of time in which to pay it before dismissing the lawsuit. Plaintiff here has habitually disregarded the rules of this Court of which there can be no question he has notice. In these circumstances, it is appropriate to insist that Plaintiff comply with the rules up front, rather than indulging Plaintiff's continued intransigence in regard to the rules. The Court's order dismissing the lawsuit without prejudice accomplishes just that, and thus the Court denies the motion to vacate [20]. Should Plaintiff wish to refile this lawsuit, the Court points out that Plaintiff, a non-lawyer, may not represent anyone but himself; he may not represent, for example, a corporate entity such as CEGA. *Rowland v. Cal. Men's Colony, Unit II Men's Adv. Council*, 506 U.S. 194, 201-02 (1993) ("a corporation may appear in the federal courts only through licensed counsel"); see also *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("corporations must appear by counsel or not at all"). Plaintiff also must comply with the terms of the order entered by this Court's Executive Committee on March 12, 2012, placing "reasonable and necessary restraints" on Plaintiff's "ability to file new civil cases in this District *pro se*." *In the Matter of Roger Shekar*, No. 12 C 1698 (Mar. 12, 2012). In particular, pursuant to paragraph 1 of that order, if Plaintiff wishes to refile this lawsuit, he will need to request from the Executive Committee leave to file his complaint.

Plaintiff also has filed a motion seeking recusal of the undersigned judge. In many of the lawsuits cited above, Plaintiff also moved (in some cases, multiple times) to recuse the judge to whom the case was assigned. Although Plaintiff has clearly indicated his dissatisfaction with the Court's rulings, Plaintiff has failed to state any basis for recusal. Nothing about this Court's ruling demonstrates bias or any other legitimate basis for recusal. To the contrary, Plaintiff here has been treated in exactly the same fashion as any other similarly situated plaintiff would be treated in the circumstances, and the disposition of his case – dismissal without prejudice – is entirely appropriate given his litigation history and disregard for the rules regarding the payment of the filing fee. For these reasons, Plaintiff's motion to recuse [21] is denied.